Dye, J. (dissenting).
I am obliged to dissent from the decision about to be made for the reasons so ably stated by Foster, J., in his dissenting opinion with which I fully agree, and for the additional reasons that regardless of whether the 1936 contract is divisible — and I think it is not — the alleged action is nonetheless barred by limitations of time (Civ. Prac. Act, § 48, subd. 8; § 49, subd. 7). Ripley v. International Rys. of Cent. America (276 App. Div. 1006) is not to the contrary, since that decision simply made available the three-year statute in the event the proof so warranted. The salutary protection afforded by statute should not be denied by resort to an artificial concept of continuing wrong. If the basic contract has become incontestable by virtue of the Statute of Limitations, I can see no wrong committed solely by adhering to the contract according to its terms. The action, if any, accrued at the time of the making of the 1936 contract and, whether it be grounded in the contract as a whole or limited to the allegedly divisible portion, more than six years elapsed before commencement of the suit. The case of Chelrob, Inc., v. Barrett (293 N. Y. 442, 456) is clearly not authority for the view that the courts are empowered to alter existing contracts. It simply stands for the proposition that the courts have jurisdiction ‘ ‘ to determine that it [the contract] should be set aside on equitable grounds” (p. 462; emphasis supplied) which is not to say that a contract may be altered on other than by an application of long-recognized and oft-used remedies. Here, as Foster, J., points out, the plaintiffs have abandoned any action that they may have had for cancellation or rescission. The fact that they might choose to proceed on a theory that they are damaged by United’s wrong in foisting the contract upon International affords no better ground for relief, and that too must be deemed barred by limitations of time. To rule otherwise is to accomplish an innovation in the law which does violence to well-established principles governing restitution, mitigation of damages and ancient legislative, policy embodied in the Statute of Limitations.
*449 The judgment should be reversed and the complaint dismissed, with costs in all courts.
Chief Judge Desmond and Judges Froessel and Burke concur with Judge Van Voorhis; Judge Fuld concurs in result; Judges Dye and Foster dissent and vote to reverse and to dismiss the complaint in separate opinions.
Judgment affirmed.